IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMY ENGELKING,

                          Plaintiff,                        OPINION & ORDER

      v.                                             14-cv-314-jdp

LABOR AND INDUSTRY REVIEW
COMMISSION,
EAU CLAIRE HEARING OFFICE,
STATE OF WISCONSIN DEPARTMENT
OF WORKFORCE DEVELOPMENT,
AMERICAN RECOVERY AND
REINVESTMENT ACT, and,
UNITED STATES DEPARTMENT
OF LABOR,

                          Defendants.

---

Pro se plaintiff Jeremy Engelking, a Wisconsin resident, applied for and received unemployment benefits, which defendant Labor and Industry Review Commission (the Commission), a state agency, administered. At some point after Engelking received his compensation, the Commission determined that it had made a mistake with regard to Engelking's eligibility for benefits during sixteen weeks of 2009. After a hearing, the Commission ordered him to repay more than $6,000 of emergency unemployment compensation (EUC). The Commission, however, overlooked federal additional compensation (FAC) that Engelking received during the same time. Eventually, the Commission caught its error and ordered Engelking to repay $400 in FAC benefits as well.

Engelking disagreed with both decisions and has pursued administrative appeals for each. The subject of this case, however, is the FAC benefits. When he did not succeed in administratively challenging the Commission's order to repay $400, Engelking filed a pro se action in the Wisconsin Circuit Court for Douglas County, seeking judicial review of the

decision. In his complaint, Engelking named the Commission, the State of Wisconsin's Department of Workforce Development, and the Eau Claire Hearing office as defendants (collectively, the Wisconsin defendants). Engelking also named as defendants the American Recovery and Reinvestment Act—the federal statute that provides reimbursement to states that pay FAC benefits—and the United States Department of Labor (collectively, the federal defendants).

The federal defendants removed Engelking's action to this court and now move to dismiss, Dkt. 4, arguing that: (1) sovereign immunity bars Engelking's suit; (2) Engelking has failed to state a claim against them upon which relief can be granted; and (3) Engelking never properly served them with process. The Wisconsin defendants have moved to remand this case back to state court, Dkt. 12, arguing that if the court grants the federal defendants' motion, the Eleventh Amendment would bar Engelking's suit in federal court. The court will grant both motions.

ALLEGATIONS OF FACT

In setting forth these facts, the court relies on Engelking's complaint and the materials the parties have submitted in support of their respective positions.[1] *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) ("[W]hen considering a motion that launches a factual attack against jurisdiction, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.") (internal citations and quotation marks omitted). The court "accept[s] as true all well-pleaded factual allegations" and

---

[1] Specifically, the court primarily relies on two memorandum opinions generated during Engelking's administrative appeal. Dkt. 1-1.

draws all reasonable factual inferences in Engelking's favor. *Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008).

Sometime in 2008, Engelking became eligible for unemployment compensation. He applied for and began receiving benefits. Relevant to this case, Engelking received EUC and FAC during a sixteen-week block of time in 2009. Both of these benefit programs were administered by the Commission but funded by the federal government. On July 28, 2009, however, the Commission determined that Engelking should not have received EUC benefits from Wisconsin because he had become eligible to receive unemployment compensation under Minnesota law. The Commission therefore ordered Engelking to repay $6,039, the EUC benefits that he received while he was ineligible. Engelking appealed the decision using the Commission's administrative review process and ultimately filed an action in Wisconsin state court. The Commission's initial determination was affirmed throughout.

The record does not indicate when the Commission realized that it had forgotten to order Engelking to repay the FAC benefits that he received while he was ineligible, but there appears to have been a separate determination on that point. Citing guidance from the United States Department of Labor, the Commission informed Engelking that it had to "take aggressive action" in recovering overpayments and demanded the return of $400 that Engelking had incorrectly received in FAC benefits. This demand gave rise to the present case.

As with the Commission's first determination, Engelking appealed the order to repay FAC benefits up through the administrative process. When his administrative remedies proved unsuccessful, Engelking filed a complaint in the Wisconsin Circuit Court for Douglas County. His complaint asked the state court for judicial review of the Commission's findings, citing as grounds for error: claim preclusion; untimeliness; false statements by the Wisconsin Department of Workforce Development; faulty conclusions of law and fact; and failure to provide a hearing.

3

Dkt. 3-1. In addition to identifying the Commission as a defendant, Engelking also named the Eau Claire Hearing Office, the State of Wisconsin's Department of Workforce Development, the American Recovery and Reinvestment Act, and the United States Department of Labor.

The federal defendants removed the case to this court under 28 U.S.C. § 1442(a)(1) and have now moved to dismiss. The Wisconsin defendants have moved to remand. Engelking opposed the first motion, but has failed to respond to the second.

OPINION

This case cannot stay in federal court. The federal defendants are protected by sovereign immunity and must be dismissed. Even construing Engelking's pleadings liberally because he is a pro se litigant, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), he offers nothing to suggest that he can proceed in this court, nor does he meaningfully respond to the arguments any of the defendants have made in support of their respective motions. *See Rucker v. Gloe*, 432 F. App'x 631, 633 (7th Cir. 2011) (the court "will not manufacture or research legal arguments for litigants, even those who proceed pro se"). For these reasons, the court will grant the federal defendants' motion to dismiss and the Wisconsin defendants' motion to remand.

**A.  The federal defendants enjoy sovereign immunity from Engelking's claims.**

The federal defendants contend that the doctrine of sovereign immunity bars Engelking's suit against them. "It is elementary that 'the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The requirement is jurisdictional and if the United States has not expressly waived its sovereign immunity, this court lacks

4

subject matter jurisdiction over any claims against the United States or its agencies. *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994). Because the federal defendants removed this case under 28 U.S.C. § 1442(a)(1), the court acquired only the jurisdiction the state court had before removal. *See Rodas v. Seidlin*, 656 F.3d 610, 619 (7th Cir. 2011) ("[T]he doctrine of derivative jurisdiction applies to [§ 1442(a)(1)] removals."). But in his complaint, Dkt. 3-1, Engelking did not identify any federal statute or other express waiver of sovereign immunity that would give rise to jurisdiction over the federal defendants.[2] Nor is the court aware of any waiver that would apply in this case. Engelking therefore faces an uphill battle from the outset.

In opposing the federal defendants' motion, Engelking relies on two separate arguments, neither of which squarely addresses the question of sovereign immunity. First, Engelking appears to misunderstand the challenge as one of venue, rather than subject matter jurisdiction. *See* Dkt. 10, at 4 ("Defendants (United States) argue that the United States District Court is not the proper venue for this case."). Engelking observes that it was the federal defendants who selected this forum and he implies that it would be unfair to allow them to now object to trying the case here. Engelking's description of the procedural posture is accurate, but his argument fails because the purpose of § 1442(a)(1) is "to have federal officers' defenses to state-law actions litigated in federal courts [and] '[i]n cases like this one, Congress has decided that federal officers, and indeed the Federal Government itself, require the protection of a federal forum.'" *Rodas*, 656 F.3d at 617 (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)). The federal defendants properly removed to this court and properly invoked the doctrine of sovereign immunity as a defense to Engelking's claims.

---

[2] Engelking named the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5, 123 Stat. 115, as a defendant, but did not suggest that this statute waived the sovereign immunity of the United States.

Engelking's second response to the federal defendants is that this court has "jurisdiction to hear this case because it arises out of a federal law governing the payments of, specifically, Emergency Unemployment Compensation payments and the FAC payments that went with them." Dkt. 10, at 5. Engelking reasons that his claim therefore invokes the court's subject matter jurisdiction, under 28 U.S.C. § 1331. Of course, the fundamental problem with Engelking's argument is that even if there was a federal question in this case, § 1331 does not waive sovereign immunity, "[i]t merely gives the district court jurisdiction to hear federal claims that are *not otherwise barred*." *Arvanis v. Noslo Eng'g Consultants, Inc.*, 739 F.2d 1287, 1290 (7th Cir. 1984) (emphasis added). As a practical matter, Engelking's argument also fails because this case does not arise under the Constitution or laws of the United States. "Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). Here, Engelking brings suit under Wisconsin law, which provides for judicial review of state agency action, Dkt. 3-1, at 5, so he does not fall into this category of federal question jurisdiction. Nor does Engelking fall into the second, "slim category" of claims where "there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn*, 133 S. Ct. at 1065.

Engelking's arguments notwithstanding, the federal defendants are protected by sovereign immunity and the court lacks subject matter jurisdiction over any claims asserted against them. Having concluded that sovereign immunity applies, the court need not address the federal defendants' remaining arguments. A cursory review of each, however, suggests that even if the federal defendants were not immune from suit, Engelking does not state a claim against them; indeed, his complaint does not allege any wrongdoing by the federal defendants and only mentions them once, in the caption. Moreover, although Engelking asserts that the federal

defendants received notice of this case, he all but concedes that he did not comply with Fed. R. Civ. P. 4(i)'s requirements for serving process on the United States and its agencies. Dkt. 10, 7-8. In the end, Engelking's claims against the federal defendants suffer from a number of fatal flaws and the court must therefore dismiss these defendants from this case.

### B. The court must remand Engelking's claims against the Wisconsin defendants.

What remains of Engelking's case cannot be litigated in federal court. Engelking seeks review of a Wisconsin agency decision, under a Wisconsin statute. Just as the doctrine of sovereign immunity protects the federal government, the Eleventh Amendment bars suits against states in federal court, unless a state has waived its immunity or Congress has abrogated it. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 60 (1989). The immunity applies to suits against a state's agencies as well. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Wisconsin defendants correctly apply the doctrine in arguing that unemployment compensation claimants cannot use the federal courts to review adverse decisions by state agencies. *See Exum v. Unemployment Ins., Bureau of Benefit Operation*, No. 05-cv-0843, 2006 WL 1049589, at *1 (E.D. Wis. Apr. 18, 2006) (citing *Paschal v. Jackson*, 936 F.2d 940, 944-45 (7th Cir. 1991)). In light of this rule, the Wisconsin defendants seek remand under 28 U.S.C. § 1447(c). Engelking has not opposed remand, and his silence constitutes acquiescence to the Wisconsin defendants' position. *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007); *Friemuth v. Fiskars Brands, Inc.*, 681 F. Supp. 2d 985, 988 (W.D. Wis. 2010).

Even if Engelking had opposed this motion, he would have been unsuccessful as there is nothing to suggest that Wisconsin waived its immunity in this case. The "test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one [and a] State's consent to suit must be 'unequivocally expressed' in the text of the relevant

statute . . . . Waiver may not be implied." *Sossamon v. Texas*, 131 S. Ct. 1651, 1658 (2011) (internal citations and quotation marks omitted). The fact that Wisconsin participates in the EUC and FAC programs does not constitute waiver because nothing in the federal statutes establishing these payments requires states to consent to federal jurisdiction. Quite the opposite; federal law directs *states* to adjudicate disputes about overpayments. *See* Pub. L. No. 110–252, § 4005(d), 122 Stat. 2323 ("Any determination by a State agency [regarding overpayment] shall be subject to review in the same manner and to the same extent as determinations under the State unemployment compensation law, *and only in that manner and to that extent*.") (emphasis added).[3] In Wisconsin, Wis. Stat. §§ 102.23(1)(a) and 108.09(7) authorize judicial review of the Commission's decision in state court. The statutes do not provide for review in federal court and, therefore, cannot operate as a waiver of Wisconsin's immunity. Absent waiver, the Eleventh Amendment bars Engelking's claims against the Wisconsin defendants.

Given that the Eleventh Amendment applies, the court need not address the Wisconsin defendants' remaining argument for remand. The court notes, however, that the Wisconsin defendants are correct to assert that without the federal defendants, there is no basis for subject matter jurisdiction. As explained above, Engelking's case arises under Wisconsin law, not federal law. Nor can Engelking invoke the court's diversity jurisdiction as he is suing his own state's agencies and the amount in controversy falls greatly below $75,000. 28 U.S.C. § 1332. For these reasons, the court will remand this case to state court.

---

[3] The American Recovery and Reinvestment Act, which authorizes the FAC payments at issue in this case, incorporates § 4005 as the method for handling overpayments. Pub. L. No. 111-5, § 2002(f), 123 Stat. 115, 438-39.

ORDER


IT IS ORDERED that:

1) Defendants United States Department of Labor's and American Recovery and Reinvestment Act's motion to dismiss, Dkt. 4, is GRANTED. These defendants are dismissed from this case;

2) Defendant Labor and Industry Review Commission's motion to remand, Dkt. 12, is GRANTED. This case is remanded to the Wisconsin Circuit Court for Douglas County; and

3) The clerk is directed to return the record of this case to the state court.


Entered this 7th day of August, 2014.

                                    BY THE COURT:
                                    /s/
                                    JAMES D. PETERSON
                                    District Judge